UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WESTERN PENNSYLVANIA ELECTRICAL**
**EMPLOYEES PENSION TRUST,**
      **Plaintiff,**

    v.                Case No. 07-C-582

**PLEXUS CORP., et al.,**
      **Defendants.**

---

**ALAN M. OZELL TRUST,**
      **Plaintiff,**

    v.                Case No. 07-C-600

**PLEXUS CORP., et al.,**
      **Defendants.**

---

## DECISION AND ORDER

On June 25, 2007, plaintiff Western Pennsylvania Electrical Employees Pension Trust ("Western Pennsylvania") filed a putative class action, case number 07-C-582, alleging defendants violated federal securities laws. On June 29, 2007, plaintiff Alan M. Ozell Trust ("Ozell") also filed a putative class action against defendants, case number 07-C-600, containing similar allegations of violations of federal securities laws. Both actions were assigned to me. Before me now are plaintiff Western Pennsylvania's motions filed in each case seeking consolidation of the actions, appointment of a lead plaintiff, and appointment of lead counsel. Neither plaintiff Ozell nor any defendant has opposed the motions. I will address each issue in turn.

## I. CONSOLIDATION

Federal Rule of Civil Procedure 42(a) permits me to consolidate actions that involve a common question of law or fact. The decision whether or not to consolidate is committed to my sound discretion. Bradley v. Soo Line R.R. Co., 85 F.R.D. 307, 309 (E.D. Wis. 1980). In this case, both actions involve the same factual allegations and legal issues. Specifically, both complaints allege that between January 25, 2006 and July 27, 2006 defendants made materially false and misleading representations regarding the financial condition of Plexus Corporation, thereby causing shares of Plexus common stock to trade at artificially inflated prices and damaging plaintiffs. Each action alleges violations of section 10(b) of the Exchange Act, rule 10b-5 promulgated thereunder, and section 20(a) of the Exchange Act. Each action seeks relief on behalf of the purchasers of Plexus Corporation common stock during the relevant time period. Thus, the claims are very similar; indeed the two complaints are substantively indistinguishable. I see no reason why these cases should not be consolidated for all purposes, and, as plaintiff Ozell and defendants present no arguments that I should proceed otherwise, I will grant the motion to consolidate case numbers 07-C-582 and 07-C-600.

## II. LEAD PLAINTIFF

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that a court shall appoint as lead plaintiff the class member it determines to be most capable of adequately representing the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a presumption that the most adequate plaintiff is the person or entity that filed the complaint or brought a motion in response to the required published notice, has the largest

2

financial stake in the relief sought, and otherwise qualifies under Federal Rule of Civil Procedure 23. Id. § 78u-4(a)(3)(B)(iii)(I). This presumption is only rebutted upon proof that the presumptive lead plaintiff will not or cannot fairly and adequately represent the interests of the class. Id. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

To date, only Western Pennsylvania, which filed the first complaint, has submitted a motion to appoint lead plaintiff and lead counsel, concurrent with its motion to consolidate. It appears to have a large financial stake in the relief sought, over $118,000, and it provided the necessary certifications to establish that it is operating independent of counsel, that it is not a "professional plaintiff," and that it will adequately represent the class interests. Id. § 78u-4(a)(2)(A), (a)(3)(B)(vi). Thus, Western Pennsylvania qualifies as a presumptive lead plaintiff, subject to the Rule 23 analysis.

The part of Rule 23 that is particularly relevant to this analysis allows a party to serve as class representative if its claims or defenses are typical of the claims or defenses of the class and it will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3), (4). In this case, the claims arise from defendants' allegedly false and misleading representations that caused an artificial inflation of the value of Plexus common stock. It appears that the claims and defenses of Western Pennsylvania are typical of those of the class, as they are based on Western Pennsylvania's purchase of shares of Plexus common stock during the relevant time period and involve the same legal and factual issues. The parallel nature of the claims of Western Pennsylvania and other potential plaintiffs, as well as Western Pennsylvania's large stake in the litigation, makes it well suited to adequately represent the class interests. And as no one has objected to

the appointment of Western Pennsylvania or has filed a competing motion, I will grant Western Pennsylvania's motion for appointment of a lead plaintiff.

### III. LEAD COUNSEL

The PSLRA provides that the lead plaintiff shall, subject to the approval of the court, select and retain class counsel. Id. § 78u-4(a)(3)(B)(v). This decision is a matter within the court's discretion, and it contemplates an independent evaluation of the effectiveness of the proposed counsel. In re Milestone Scientific Securities Litigation, 187 F.R.D. 165, 175-76 (D.N.J. 1999). In this case, Western Pennsylvania has selected the firm of Coughlin Stoia Geller Rudman & Robbins LLP to act as lead counsel, with Ademi & O'Reilly LLP as local liaison counsel. Coughlin Stoia is a successful class action litigation firm with over 180 attorneys and has managed several shareholder and securities class actions. They have the expertise, the resources and the experience to adequately represent the plaintiffs in this case. Additionally, proposed liaison counsel Ademi & O'Reilly, a local law firm in Cudahy, Wisconsin, also has class action experience and appears well situated to serve in the role of liaison counsel in this action, assisting with the administrative aspect of managing a class action. Thus, I will grant Western Pennsylvania's motion to appoint lead and liaison counsel.

Therefore,

**IT IS ORDERED** that Western Pennsylvania's motion to consolidate is **GRANTED**.

**IT IS FURTHER ORDERED** that Western Pennsylvania's motion for appointment of lead plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that Western Pennsylvania's motion for appointment of lead counsel and liaison counsel is **GRANTED**.

Dated at Milwaukee, Wisconsin this 7 day of November, 2007.

/s
LYNN ADELMAN
District Judge